Common Pleas Court of Cuyahoga County.

LEE C. HINSLEA EX REL. V. THE COUNCIL OF THE CITY OF LAKEWOOD ET AL.

Decided July 30, 1928.

*Russell V. Bleeker, Harold Traverse* and *Holding, Duncan & Leckie,* for relator.
*William H. Boyd* and *Paul Howland,* for respondents.
*Edward Bushnell,* of Cook, McGowan, Foote, Bushnell & Burgess, and *William Gordon, amici curiae.*

WALTHER, J.

The relator has filed a petition in mandamus against defendants in which he asks the court to mandamus the defendants commanding them to fix the date for a so-called recall election. The relator bases his petition upon the provisions of the charter of the city of Lakewood, which is a charter city, whose charter was adopted by the majority of the citizens of Lakewood under the authority of Section 7, Article XVIII of the Ohio Constitution of 1912, which is known as the Home Rule section and which reads as follows:

"Any municipality may frame, or adopt or amend a charter for its government, and may, subject to the provi-

sions of Section 3 of this article, exercise thereunder all powers of local self government."

The charter of the city of Lakewood provides, among other things, the following:

"*Recall elections:* Any elective officer provided for in this charter may be removed from office by the electors qualified to vote for a successor to such office. The procedure to effect such removal shall be as follows:

"A petition, demanding that the question of removing such officer be submitted to the electors qualified to vote for his successor, shall be addressed to the council and filed with the clerk thereof. Such petition shall be signed by at least one thousand electors. The signatures to such petitions need not all be appended to one paper * * * all papers comprising a recall petition shall be assembled and filed with the clerk as one instrument, within thirty days after the filing with the clerk of the affidavit stating the name and office of the officer sought to be removed. Within ten days from the date of the filing of such petition, the clerk shall determine the sufficiency thereof and attach thereto a certificate showing the result of his examination. If the clerk shall certify that the petition is insufficient he shall set forth in the certificate the particulars in which the petition is defective, and shall return a copy of the certificate to the person designated in such petition to receive it. * * * If a recall petition or amended petition shall be certified by the clerk to be sufficient, he shall at once submit the same with his certificate to the council and shall notify the officer sought to be recalled of such action. If the official whose removal is sought does not resign within five days after such notice, the council shall thereupon order and fix a day for holding a recall election. Any such election shall be held, not less than forty nor more than sixty days after the petition has been presented to the council, at the same time as any other general or special election held within such period; but if no such election be held within such period the council shall call a special recall election to be held within the time aforesaid."

The foregoing provisions of the charter were enacted by reason of the authority granted under Section 38, Article II of the Constitution of the state of Ohio. Said Section 38, which is also known as the removal section of the Constitution of the state of Ohio, reads as follows:

"*Removal of Officials:* Laws shall be passed providing for the prompt removal from office, upon complaint and hearing, of all officers, including state officers, judges, and members of the General Assembly, for any misconduct involving moral turpitude or for other cause provided by law; and this method of removal shall be in addition to impeachment or other method of removal authorized by the Constitution."

The petition alleges that the individual respondents are the duly elected, qualified and acting members of the council of the city of Lakewood; that in accordance with the provisions of the charter of said city of Lakewood, petitions, bearing the names of more than one thousand electors, and demanding that the question of removing Ellen M. Goldenbogen, George A. Klein, and Harry A. Gillis, as members of the council of the said city of Lakewood, be submitted to the electors qualified to vote for their successors, were duly filed with the clerk of said council on June 14, 1928; that the duties of said clerk as defined by said charter of the city of Lakewood, with respect to such petitions, have been duly executed, and that on June 18, 1928, the said clerk submitted the said petitions, duly certified, to be sufficient to said council, and on the same date notified the said Ellen M. Goldenbogen, George A. Klein and Harry A. Gillis of his action, as required by the provisions of said charter of said city of Lakewood; that more than five days have elapsed from the date that the said clerk of the council certified said petitions to the said council and notified the said Ellen M. Goldenbogen, George A. Klein and Harry A. Gillis of such action, and that none of said officers sought to be removed has resigned; that the respondents, comprising the council of the city of Lakewood have without cause, unlawfully failed to order and fix a day for holding a recall election as specifically enjoined upon said council by the provisions of the charter of said city of Lakewood; that on June 28, 1928, the relator made written demand upon the law director of the city of Lakewood to bring an action in mandamus praying the court to make an order requiring said council of the city of Lakewood to immediately order and fix a day for the recall election prayed for herein, and that said law director declined in writing to bring the same, and

the relator therefore prays for a writ of mandamus commanding the respondents to at once fix a day for holding a special recall election.

To this petition the respondents Ellen M. Goldenbogen, George A. Klein and Harry A. Gillis, whose recall is sought in the petition, have filed a demurrer on the ground that said petition does not state facts which show a cause of action against them as such councilmen, or against the council of the city of Lakewood.

Upon the hearing of the demurrer various grounds of criticism and objection to the petition were urged, most of which objections can be cured by amendment to the petition, and we shall therefore confine ourselves to the question as to whether or not the provisions of the charter of the city of Lakewood are effective for the purpose of accomplishing the recall of its officials under the authority of the Constitution of the state of Ohio.

In *Dunham* v. *Ardery,* 43 Oklahoma, 619; 143 Pac., 331, it is held:

"In the absence of an express inhibition of the Constitution, cities adopting the charter form of government have the right when so provided in the charter to practice the power to recall their officers."

Counsel for relator also cites the case of *Scheafer* v. *Herman,* 172 California, 338; 155 Pac., 1084, which holds:

"The subject of the removal of officers of a city and county by means of a recall, when provided for in a special charter, is a municipal affair, within the meaning of that phrase as used in the constitution, and consequently, it is not subject to, or controlled by, as regards the mode of removal provided therein, general laws inconsistent therewith."

There is authority on both sides of the question as to whether or not a municipality has a right to adopt a charter providing for the recall or removal of its officers without provision therefor in the constitution of the state.

However, that question does not become important in this case for the reason that the Constitution of Ohio does have a provision, to-wit, Section 38 of Article II which provides for such removal of officials.

In *Switzer et al.* v. *The City, ex rel., et al.*, 103 O. S., page 306, the Supreme Court of Ohio has held as follows:

"1.   Constitutions, whether state, federal or municipal, can be changed or amended only as provided in such constitutions.

"2.   The provisions of such constitutions as to change or amendment in government are mandatory and exclusive, unless the contrary clearly appears."

It will, therefore, be noted that it is the settled law of Ohio that the provisions of the constitution of the state of Ohio are not only mandatory, but that they are also exclusive, and it is therefore the settled law of Ohio that where the constitution speaks upon any subject matter, that which is provided in the constitution is not only mandatory, but is sole and exclusive, as to such subject matter.

Therefore, in view of the fact that the constitution of the state of Ohio does make provision on the subject matter of removal of public officers, any provision in any municipal charter with reference to such subject matter must be in accord with the mandate of the constitution of the state of Ohio.

The language of the charter of the city of Lakewood under which this action is brought, uses the words "recall" and "removal." Section 16 of the charter of the city of Lakewood is entitled "Recall Elections." In the body of the section and under such heading, we find the language:

"Any elective officer provided for in this charter may be *removed* from office   *   *   *.   The procedure to effect such *removal*   *   *   *.   A petition demanding that the question of *removing* such officer be submitted   *   *   *."

Section 17 embraces the following language:

"Stating the name and office of the officer sought to be *removed*."

Section 18 contains the following language:

"Each signer of a *recall* petition."

Section 19 contains the following language:

"All papers comprising a *recall* petition   *   *   *   stating the name and office of the officers sought to be. *removed*."

Section 20 contains the language:

"Such *recall* petition."

Section 21:

"If a *recall* petition  *  *  *  shall notify the officers sought to be *recalled*  *  *  *. If the official whose *removal* is sought  *  *  *  the council shall call a special *recall* election."

It becomes important to note the language above quoted for the reason that it is claimed on behalf of the relator that there is a difference between the recall of a public officer and the removal of a public officer, to-wit, that the *removal* of a public officer is permitted by virtue of the provisions of Section 38 of Article II of the constitution of the state of Ohio, but that the *recall* provision of the charter is permitted under Section 7 of Article XVIII of the constitution of Ohio, the so-called Home Rule Section.

The court is unable to agree with the contention that there may be removal only under Section 38, Article II, of the constitution, and recall only under the charter adopted pursuant to Section 7 of Article XVIII of the constitution, and the court finds support in his conclusion by reason of the constant use of the words "recall" and "removal" in the various sections of the charter heretofore referred to, in which such words are clearly and unmistakably used synonymously.

The court therefore holds that by reason of the fact that the constitution of the state provides for removal of public officers, public officers may be removed only by virtue of and in accordance with the provisions of the constitution, the provisions of the constitution on said subject matter being "mandatory and exclusive" as held in the case of *Switzer* v. *State*, 103 O. S., 306.

Section 38 of Article II of the Ohio constitution providing for removal of officials, provides as follows:

"Laws shall be passed providing for the prompt removal from office *upon complaint and hearing*, of all officers including state officers, judges and members of the general assembly, for any misconduct involving moral turpitude or for other cause provided by law; and this method of removal shall be in addition to impeachment or other method of removal authorized by the constitution."

The charter of the city of Lakewood in its provisions as to recall and removal of officers does not in any manner make any provision for such recall or removal "upon complaint and hearing" as required by the aforesaid section of the constitution.

A person who is elected to the council of the city of Lakewood, and who qualifies under such election is entitled to compensation as such councilman and thereby acquires certain property rights, and no person may be deprived of his property without due process of law.

In *State* v. *Brown*, 105 O. S., 487, Judge Wanamaker quotes Webster's definition in his discussion on the subject of due process of law, as follows:

"A law, which hears before it condemns; which provides open inquiry and renders judgment only after trial."

The framers of the constitution doubtless had in mind that no person should be deprived of his property without due process of law, and, therefore, wisely included the provision in Section 38 of Article II that there should be removal "upon complaint and hearing."

The court is therefore of the opinion that because the charter of the city of Lakewood fails to provide for removal or recall of its officers "upon complaint and hearing" as required by the constitution of the state of Ohio, the provisions of said charter seeking to permit such recall and removal of its officers are ineffective to accomplish such removal.

The court is of the opinion that in the event said charter did provide for "complaint and hearing" as required by the constitution of the state of Ohio there could be such recall or removal, and that the machinery necessary for such hearing could be secured by said charter or by ordinance enacted by the council pursuant to the requirement in the charter providing for such hearing, but that the failure to so provide is fatal and the provisions of said charter are ineffective to accomplish such removal or recall.

It is urged by the respondents that the petition does not state a cause of action, for the reason that it fails to aver and the charter of the city of Lakewood fails to require, that recall petitions be signed by qualified electors equal

in number to at least fifteen per cent. of the total votes cast at the last preceding general municipal election, and because the petition fails to allege and the charter fails to require that such petition shall contain a general statement in not more than two hundred words of the grounds upon which the removal is sought, as provided by Section 3515-71-1 of the General Code.

In *State, ex rel., v. Brown,* 105 O. S., 479, in which the county commissioners sought to remove the treasurer of Darke county, under Section 2713 of the General Code of Ohio, the Supreme Court held, under the language of Section 38, Article II, of the Constitution, which provided

"Laws shall be passed providing for the prompt removal from office upon complaint and hearing of all officers, etc."

that by this section such removal shall be made only "upon complaint and hearing," and that "what the constitution grants no statute may take away."

The court is of the opinion that the provisions of Section 3515-71, General Code, and subsequent sections of the General Code, on the subject matter of the recall of elective officers do not in any manner limit the right of a municipality to provide for the recall of its officers, if the recall provisions of the charter of the municipality do not conflict, but are in harmony, with the constitution of the state of Ohio.

The court is also of the opinion that the provisions of Section 4670 of the General Code providing for removal of public officials for misconduct in office upon the filing of complaint with the probate judge, are not material to the decision of the questions involved in this case, for the reasons stated in connection with the consideration of Section 3515-71 General Code, and for the further reason that the removal provided for in 4670 General Code, is not to be had by recall or petition for removal to be voted upon by the electors, but is to be had only in the event of certain definite and enumerated "misconduct in office" in a proceeding before the probate court.

Holding these views, the court is of the opinion that the demurrer to the petition should, and therefore will, be sustained.